**SUPER VALU XENIA, a Division of Super Valu Stores, Inc., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 78–1358.

United States Court of Appeals, Sixth Circuit.

Aug. 13, 1980.

Edward B. Mitchell, Brian K. Porter, Daniel G. Rosenthal, Smith & Schnacke, Cincinnati, Ohio, for petitioner.

Elliott Moore, Allison Brown, Jr., Deputy Associate Gen. Counsels, Barbara G. Gehring, N.L.R.B., Washington, D. C., Emil C. Farkas, Director, Cincinnati, Ohio, for respondent.

Before CELEBREZZE and BROWN, Circuit Judges, and PECK, Senior Circuit Judge.

## ORDER

This case is before the court on petition of Super Valu Xenia to review and set aside a decision and order of the National Labor Relations Board, reported at 236 NLRB No. 207, finding petitioner in violation of § 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1). The Board has cross-petitioned for enforcement. These petitions are properly before this court since the alleged unfair labor practices occurred in Xenia, Ohio.

The Board found that the petitioner violated § 8(a)(1) when it discharged two employees under the mistaken belief that they had engaged in strike misconduct. The Board found an additional violation of § 8(a)(1) when it found the petitioner denied an employee his right to union representation at an investigatory—disciplinary meeting. *See NLRB v. Weingarten*, 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975).

 Upon a review of the record before us, and the briefs of counsel for the parties, the case having been submitted on briefs, we conclude that upon consideration of the record as a whole, substantial evidence is lacking to support the Board's findings and conclusions. We note in this regard the Board's findings that the discharged employees had engaged in an illegal wildcat strike and our view that the record evidence does not substantially support a conclusion that petitioner condoned or otherwise forgave these employees for their illegal conduct. With regard to the employee who was allegedly denied his right of union representation, we conclude the record evidence shows this employee waived any right to union representation when he decided to proceed with the meeting without union stewards present.

Accordingly, the petition to review and set aside the decision and order of the Board is hereby granted and the petition of the Board for enforcement is hereby denied.